UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY R. NEWCOMB                    Case No. 15-10957

        Plaintiff,                           Linda V. Parker
v.                                    United States District Judge

COMMISSIONER OF SOCIAL SECURITY,      Stephanie Dawkins Davis
                                      United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 15)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On March 13, 2015, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  This case was referred to Magistrate Michael Hluchaniuk for all pretrial purposes by District Judge Linda V. Parker.  (Dkt. 3).  The case was subsequently reassigned to the undersigned pursuant to Administrative Order.  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 14, 15).

### B.   Administrative Proceedings

Plaintiff filed the instant claims for a period of disability and disability insurance benefits on November 1, 2013, alleging disability beginning October 23,

2013.  (Dkt. 11-2, Pg ID 45).  Plaintiff's claim was initially disapproved by the

Commissioner on June 19, 2014.  *Id*.  Plaintiff requested a hearing, and on October

28, 2014 plaintiff appeared, along with his attorney, before Administrative Law

Judge ("ALJ") Kathleen H. Eiler, who considered the case de novo.  (Dkt. 11-2,

Pg ID 58-94).  In a decision dated December 19, 2014, the ALJ found that plaintiff

was not disabled. (Dkt. 11-2, Pg ID 45-53).  Plaintiff requested a review of this

decision on January 6, 2015. (Dkt. 11-2, Pg ID 41).  The ALJ's decision became

the final decision of the Commissioner when the Appeals Council on February 12,

2015, denied plaintiff's request for review.  (Dkt. 11-2, Pg ID 35-38); *Wilson v.

Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion

for summary judgment be **DENIED**, that the findings of the Commissioner be

**REVERSED** and this matter be **REMANDED** for further proceedings under

Sentence Four.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1968 and was 46 years old at the time of the

administrative hearing, and 45 years old at the alleged onset date of disability.

(Dkt. 11-2, Pg ID 51).  The ALJ applied the five-step disability analysis to

plaintiff's claim and found at step one that plaintiff had not engaged in substantial

gainful activity since the alleged onset date. (Dkt. 11-2, Pg ID 47). At step two,

the ALJ found that plaintiff's amputation of two toes on the right lower extremity

due to osteomyelitis, diabetes mellitus with neuropathy, and hypertension were

severe impairments. *Id*. At step three, the ALJ found no evidence that plaintiff's

combination of impairments met or equaled one of the listings in the regulations.

(Dkt. 11-2, Pg ID 47-48). The ALJ determined that plaintiff had the following

residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find
> that the claimant has the residual functional capacity to
> perform sedentary work as defined in 20 CFR
> 404.1567(a) except he must use a cane for balance in the
> workplace and while ambulating. He must have the
> option to sit or stand every hour for five minutes each
> time, but without movement from the workstation. He
> can never climb ladders, ropes, or scaffolds. He can
> occasionally balance, stoop, kneel, crouch, crawl, and
> climb ramps and stairs. He must avoid all exposure to
> workplace hazards.

(Dkt. 11-2, Pg ID 48). At step four, the ALJ concluded that plaintiff could not

perform his past relevant work as a line cook, cook, caterer, kitchen helper and

delivery driver. (Dkt. 11-2, Pg ID 51). At step five, the ALJ denied plaintiff

benefits because plaintiff could perform a significant number of jobs available in

the national economy. (Dkt. 11-2, Pg ID 51-52).

      B.     <u>Plaintiff's Claims of Error</u>

According to plaintiff, the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly consider the treating source opinion and to pose a hypothetical that adequately reflected plaintiff's limitations. (Dkt. 14, Pg ID 599-606).

Plaintiff specifically contends that the ALJ erred in giving limited weight to the opinion of plaintiff's treating podiatrist, Dr. Sakin Sherestha. (Dkt. 14, Pg ID 599-605). Dr. Sherestha's Medical Source Statement indicated that plaintiff suffered from swelling in his lower right extremity which required his leg be elevated to heart level every two hours. (Dkt. 14, Pg ID 596; Dkt. 11-7, Pg ID 532-533). Plaintiff argues that the ALJ did not provide the required good reasons for not affording Dr. Sherestha's opinion controlling weight, and did not adequately consider the six factors she was to consider in assigning less than controlling weight to the treating physician's opinion. (Dkt. 14, Pg ID 599-600).

According to plaintiff, the only reasons provided by the ALJ for assigning limited weight to Dr. Sherestha's opinion were that his examination records do not note the presence of swelling or the need or recommendation to elevate his feet and consistently note that plaintiff did not appear to be in any apparent distress during physical examinations. (Dkt. 14, Pg ID 600-601). Plaintiff refutes the first rationale by citing nine places in the record where swelling in the right lower extremity is noted. (Dkt. 14, Pg ID 601). Plaintiff argues that his testimony

4

corroborates Dr. Sherestha's opinion with extensive accounts of continued lower leg swelling, and that lower leg swelling is a symptom that would naturally accompany the medical conditions (Gas Gangrene, Osteomyelitis) from which he suffers. (Dkt. 14, Pg ID 602). Plaintiff argues that the ALJ placed too much emphasis on four records where edema was not noted. (Dkt. 14, Pg ID 602-603). Plaintiff contends that the ALJ's second cited reason for discounting Dr. Sherestha's opinion, that plaintiff was not in obvious distress during his physical examinations, does not amount to a good reason for giving Dr. Sherestha's opinion less than controlling weight, nor does it adequately address the six factors used to assign weight to less-than-controlling opinions. (Dkt. 14, Pg ID 603). Plaintiff argues that, at most, the ALJ's reasons for discounting the weight of Dr. Sherestha's opinion superficially address the consistency factor of 20 C.F.R. § 404.1527(c)(2), i.e., whether the opinion is consistent with the record as a whole. (*Id.*) According to plaintiff, the ALJ does not address the longitudinal treatment history of plaintiff and Dr. Sherestha, nor does she address whether the opinion is supported by the relevant evidence. (Dkt. 14, Pg ID 603-604).

Finally, plaintiff argues that, by omitting Dr. Sherestha's opinion that plaintiff was required to elevate his leg to heart level every two hours and would miss work three or more times per month in connection with his symptoms and treatment from the hypothetical posed to the vocational expert (VE), the

5

hypothetical and the resulting RFC fail to accurately portray plaintiff's limitations. (Dkt. 14, Pg ID 605). Accordingly, plaintiff contends the VE testimony was based on an inaccurate hypothetical and does not provide substantial evidence of non-disability. (*Id.*)

    C.    <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner counters plaintiff's argument that the ALJ did not properly evaluate his treating doctor's opinion by noting that, under SSA's regulations, even the opinions of long-term treating physicians "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1527(c). (Dkt. 15, Pg ID 619). Contrary to plaintiff's argument, the Commissioner contends that the ALJ provided sufficient reasons for discounting Dr. Sherestha's opinion. (*Id.*) The Commissioner argues that, in giving only limited weight to Dr. Sherestha's restrictions, the ALJ correctly observed that contemporaneous treatment notes did not show that swelling was an ongoing problem at the point Dr. Sherestha rendered his opinion. (*Id*). According to the Commissioner, plaintiff's argument ignores the basic principle that, at all relevant stages of disability evaluation, a claimant must demonstrate that any disability he has is a persistent one, causing limitations that remained (or were likely to remain) at a disabling level for at least

twelve continuous months.  *See* 20 C.F.R. §§ 404.1509 and 404.1522(b).  (*Id.*)

The Commissioner argues that there is no evidence (beyond Dr. Sherestha's

opinion itself) that edema was a significant issue after early January 2014.  (Dkt.

15, Pg ID 620).  The Commissioner notes that the last contemporaneous treatment

record that mentions edema in plaintiff's legs dates from April 2014, and

described the edema seen then as "minimal" (Dkt. 11-7, Pg ID 506) and the last

mention of edema in a note prepared by Dr. Sherestha was even earlier – in early

January 2014.  (Dkt. 11-7, Pg ID 367). (*Id.*)  The Commissioner emphasizes that

treatment notes by plaintiff's primary care physician, Dr. Arikati, during 2014 do

not list leg swelling either as a complaint made by plaintiff or as a clinical finding

that was observed by Dr. Arikati himself (Dkt. 11-7, Pg ID 460, 548, 553, 558,

565) and that although Dr. Sherestha did describe the existence of some edema in

his dermatological observations in early January 2014, no subsequent treatment

note ever made a similar observation.  (Dkt. 15, Pg ID 457, 468, 540, 542, 546,

551, 556, 561, 568). (*Id.*).

 The Commissioner refutes plaintiff's argument that the ALJ placed too

much weight on the fact that treatment notes that commented he was in no

apparent distress by arguing that the ALJ was entitled to take this into account,

and hardly treated this as a determinative consideration.  (Dkt. 11-2, Pg ID 50).

(*Id.*).  Moreover, the Commissioner notes that plaintiff told Dr. Sherestha that he

was "feeling good" during the course of 2014, as opposed to describing the supposedly incapacitating symptoms he claimed to have during his hearing. (Dkt. 11-7, Pg ID 462, 464, 540, 542, 546, 551, 556, 561). (Dkt. 15, Pg ID 621).

The Commissioner argues that plaintiff provides no medical basis for making a connection between lower leg swelling and his peripheral neuropathy. (*Id.*). Furthermore, the Commissioner notes that the ALJ acknowledged the existence of such condition and limited plaintiff to sedentary work, which allowed use of a cane for ambulation and which had no exposure to work hazards. (Dkt. 11-2, Pg ID 48). (*Id.*). The Commissioner notes that no medical source actually documented significant ambulation problems during 2014, and plaintiff acknowledged that continuing use of a cane had not been prescribed, though ambulatory aids had been provided when he was initially recovering from his foot surgery in October 2013. (*See* Dkt. 11-2, Pg ID 75). (*Id.*). The Commissioner concludes that plaintiff has not really met his burden of showing that his limitation as to walking and balance were significantly greater than credited by the ALJ. (*Id.*). Additionally, according to the Commissioner, nothing in Dr. Sherestha's treatment records or in any other contemporaneous medical records supports the opinion that plaintiff would miss work three or more days per month due to symptoms of or treatment for his condition. (Dkt. 15, Pg ID 621-622).

The Commissioner contends that the ALJ properly considered the medical

evidence and thus framed a hypothetical which accurately portrayed plaintiff's condition.  (Dkt. 15, Pg ID 622).  According to the Commissioner, the ALJ did not need to present a hypothetical that assumed the unsubstantiated extra restrictions assigned by Dr. Sherestha.  (*Id.* (citing *Stanley v. Secretary of Health & Human Services*, 39 F.3d 115, 118 (6th Cir. 1994); *Casey v. Secretary of Health & Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

C.    Plaintiff's Reply Brief

Plaintiff responds to the Commissioner's arguments by noting that the Sixth Circuit does not require the documentation of a specific symptom throughout the treatment notes, in order for the treating physician's opinion to be afforded controlling weight.  (Dkt. 16, Pg ID 625-626).  Plaintiff further argues that clear and objective medical evidence corroborates conditions (gas gangrene, osteomyelitis, cellulitis) which would obviously result in the noted swelling. (Dkt. 16, Pg ID 627).

Plaintiff maintains that the ALJ failed to provide the requisite good reason for affording Dr. Sherestha's opinions less than controlling weight, citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013) and *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). (Dkt. 16, Pg ID 627-628).  Such reason must be supported by evidence in the case record and sufficiently specific to make clear to subsequent reviewers the weight the

9

adjudicator gave the treating source's medical opinion and the reasons for that weight.  (*Id.*).  Plaintiff argues that the reasons cited by the ALJ, that the examination records do not note the presence of swelling or the recommendation to elevate his feet, and that plaintiff did not appear to be in any apparent stress, do not amount to "good reason" to discount his treating source's opinion.  (Dkt. 16, Pg ID 628).  According to plaintiff, the cited reasons do not consider the longitudinal treatment history between Dr. Sherestha and plaintiff as a factor in giving the opinion limited weight.  (*Id.*)  Nor does it consider the supportability factor, which plaintiff argues is provided by his testimony at the hearing.  (*Id.*).  Plaintiff argues that the ALJ's decision fails to provide a logical bridge between the significant medical findings and the ultimate conclusion to give Dr. Sherestha's opinion limited weight.  (Dkt. 16, Pg ID 629).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and

10

finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v.*

11

*Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

   B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) Title II

benefits are available to qualifying wage earners who become disabled prior to

the expiration of their insured status.  F. Bloch, Federal Disability Law and

Practice § 1.1 (1984).  "Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is
> expected to last for at least twelve months, and the
> severe impairment meets or equals one of the
> impairments listed in the regulations, the claimant is
> conclusively presumed to be disabled regardless of age,
> education or work experience.

> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

   C.   Analysis and Conclusions

   The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence in [the] case record."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2).  The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion.  These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.  *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013).  A failure to analyze a treating source opinion under the two-prong controlling weight test amounts to the failure to provide good reason for giving that opinion less than controlling weight.  *See id.* at 376-77.

> This requirement is not simply a formality; it is to
> safeguard the claimant's procedural rights. It is intended
> "to let claimants understand the disposition of their

> cases, particularly in situations where a claimant knows
> that his physician has deemed him disabled and
> therefore might be especially bewildered when told by
> an administrative bureaucracy that [ ] he is not.
> Significantly, the requirement safeguards a reviewing
> court's time, as it "permits meaningful" and efficient
> "review of the ALJ's application of the [treating
> physician] rule."

*Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citations omitted). "This circuit 'has made clear that [it] do[es] not hesitate to remand when the Commissioner has not provided good reasons for the weight given to a treating physician's opinion.'" *Gayheart,* 710 F.3d at 380 (quoting *Cole*, 661 F. 3d at 939).

Even if an ALJ determines that plaintiff's treating physician's opinions should not be given controlling weight despite the medical evidence in support, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Allen v. Comm'r of Soc. Sec.*, 2013 WL 5676254, at *13 (E.D. Mich. Sept. 13, 2013) (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The

17

better an explanation a source provides for an opinion, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3). "Moreover, when the physician is a specialist with respect to the medical condition at issue, . . . her opinion is given more weight than that of a non-specialist." *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011).

In the case at bar, the undersigned is not persuaded that the ALJ provided the requisite good reasons for affording the treating source opinion less than controlling weight. The ALJ's decision does not assess the opinion according to the two-prong controlling weight test. (Dkt. 11-2, Pg ID 50). It does not discuss whether the treating podiatrist's opinions are well-supported by medically acceptable clinical and laboratory diagnostic techniques, nor does it assess its inconsistency with other substantial evidence. (*Id.*). Instead, the decision afforded the opinion limited weight based on the determination that certain symptoms and recommendations noted in the opinion were not otherwise noted in the treater's examination records and that the treater noted that plaintiff was not in apparent distress during his examinations. (*Id.*). The decision's lack of analysis under the two-prong controlling weight test necessarily amounts to a failure to provide good reason for discounting the opinion's weight, thereby compelling a remand. *See Gayheart*, 710 F.3d at 376.

Even if the decision's rationale for discounting the opinion arguably could

18

be read as an assessment under the two-prong controlling weight standard, i.e., the absence of noted symptoms and recommendations elsewhere in the treating doctor's records and plaintiff's lack of apparent distress amount to "other substantial evidence" inconsistent with the opinion, that explanation does not suffice as good reason under *Gayheart*. *Id.* As noted in *Gayheart*, good reason must be supported by the evidence in the case record and must be sufficiently specific to permit meaningful review of the ALJ's application of the treating source rule. *Id*. Surely conflicting substantial evidence must consist of more than the mere absence of further corroborating evidence elsewhere in the treating doctor's examination records.[1]

Furthermore, even if a proper analysis of the record might not support giving controlling weight to the opinion of Dr. Sherestha, the ALJ's reasoning fails to justify giving that opinion limited weight. As discussed above, the ALJ relied only on an absence of the noted symptoms and recommendations in the examination records to discount the opinion. (Dkt. 11-2, Pg ID 50). The ALJ did not cite record evidence that contradicts Dr. Sherestha opinion that plaintiff must elevate his feet regularly and would miss three or more days of work per month

---

[1] Although a total absence of documentation in the medical records of a symptom crucial to the treater's opinion could arguably amount to substantial evidence inconsistent with that opinion, plaintiff's examination records in this case are not devoid of notes of the material symptom, i.e., swelling in plaintiff's lower extremity. (*See* Dkt. 11-7, Pg ID 273, 293, 369, 383, 387, 404, 506).

due to his symptoms or treatment. Nor did the ALJ evaluate the other regulatory factors required to properly weigh medical opinions, such as the opinion's supportability and consistency with the record as a whole, length of the relationship between plaintiff and the treater and the treater's specialty. *See Gayheart* at 378; *see Allen*, 2013 WL 5676254, at *13; 20 C.F.R. § 404.1527. Accordingly, the undersigned finds that the ALJ erroneously weighed the opinion of plaintiff's treating podiatrist, Dr. Sherestha, and thus recommends the case be remanded under sentence four of 42 U.S.C. § 405(g) to give the ALJ an opportunity to conduct the proper evaluation of the treating source opinion.

Because this matter is being recommended for remand for further proceedings, and in the interests of judicial economy, the undersigned will not consider plaintiff's remaining assignments of error.[2]

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further proceedings under

---

[2] Plaintiff's alternate argument that the hypothetical posed to the VE inaccurately depicted his limitations is based on the assumption that plaintiff is required to elevate his leg regularly. If, on remand, the ALJ gives controlling weight, or otherwise accepts plaintiff's treating physician's opinion regarding elevation, she will be required to formulate a new hypothetical and RFC for plaintiff, thereby rendering this issue moot.

Sentence Four.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

21

Objection No. 2," etc.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Date: March 8, 2016                          s/Stephanie Dawkins Davis
                                             Stephanie Dawkins Davis
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 8, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to counsel of record.

                                             s/Tammy Hallwood
                                             Case Manager
                                             (810) 341-7887
                                             tammy_hallwood@mied.uscourts.gov